IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIC BURNETT, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| vs. | ) | Civil No. 10-CV-164-JPG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Criminal No. 01-CR-40017-JPG |
| | ) | |
| Respondent/Plaintiff. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Eric Burnett's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 (Doc. 1).  One of Burnett's arguments in support of relief is that his counsel was constitutionally ineffective for failing to file a notice of appeal of the Court's revocation of his supervised release and imposition of sentence after Burnett timely requested that he do so.  The United States has responded (Doc. 6) that Burnett's counsel claims Burnett never made such a request.

Ordinarily, where the petitioner and his defense counsel have conflicting views of whether the petitioner made a timely request to file a notice of appeal, the Court would hold a hearing to determine which version is correct.  However, Burnett has not provided sufficiently specific factual allegations to warrant a hearing.  The Court need only hold an evidentiary hearings when the § 2255 motion is accompanied by "a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir. 1976) (footnote omitted);  *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009) (court should grant hearing where petitioner alleges facts that would entitle him to relief);  *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996) (no hearing required unless petitioner submits detailed, specific affidavit showing petitioner has actual proof of his allegations).

Arguments that rely on "vague, conclusory, or palpably incredible" allegations do not require a hearing. *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001) (internal quotations omitted). Furthermore, "[m]ere unsupported allegations cannot sustain a petitioner's request for a hearing." *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989).

Here, Burnett simply makes the vague allegation that he "informed Trial Counsel Jones he wanted to appeal the Court's imposition of his 50 month imprisonment sentence pursuant to the revocation of supervised release. . . ." Mem. Supp. Mot. 6. He supports this allegation with a vague affidavit statement that "he informed his Counsel after sentencing to file a notice of appeal and Counsel informed Affiant that he would but failed to do so." Burnett needs to provide more details before the Court will hold a hearing on this issue.

Burnett's failure to plead details in his original motion is not fatal to his argument at this time because the Court believes he may be able to provide the details necessary to entitle him to a hearing. Therefore, the Court will give him an opportunity to cure the insufficiency with a supplemental affidavit in support of this portion of his § 2255 motion. Accordingly, the Court **ORDERS** that Burnett shall have up to and including August 20, 2010, to file an affidavit to supplement the argument in his § 2255 motion that his counsel was constitutionally ineffective for failing to file a notice of appeal after Burnett made a timely request. The supplemental affidavit shall contain enough details about the time, place and manner of Burnett's request that the United States can respond to the assertions. The Court **FURTHER ORDERS** that the United States shall have ten days from the filing of Burnett's supplement to file a response. If Burnett fails to file a timely supplement, the Court will assume Burnett is unable to allege facts or to provide evidence in support of his allegation and will reject as a basis for § 2255 relief the argument that counsel was

ineffective for failing to file a notice of appeal after Burnett made a timely request that he do so.

Should it become apparent from Burnett's supplement and the United States' response that a hearing or further briefing is necessary, the Court will enter an appropriate order at that time.

**IT IS SO ORDERED.**
**DATED:  July 28, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
