# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  | |
|---|---|---|---|
| ERIC BURNETT, | ) | | |
| | ) | | |
| Petitioner/Defendant, | ) | | |
| | ) | | |
| vs. | ) | Civil No. 10-CV-164-JPG | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | Criminal No. 01-CR-40017-JPG | |
| | ) | | |
| Respondent/Plaintiff. | ) | | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Eric Burnett's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 (Doc. 1). One of Burnett's arguments in support of relief is that Michael F. Jones, his counsel in proceedings to revoke his supervised release, was constitutionally ineffective for failing to file a notice of appeal of the Court's judgment of revocation and imposition of sentence after Burnett timely requested that he do so. The United States responded to the motion (Doc. 6), and on November 19, 2010, the Court held a hearing on that argument. At that hearing, after hearing testimony from Burnett and Jones, the Court found that Burnett never asked Jones to appeal his revocation judgment. Accordingly, the Court rejected Burnett's argument that Jones was ineffective for failing to file a notice of appeal.

The Court now turns to the remainder of Burnett's arguments in his § 2255 motion, to which the government has responded (Doc. 15).

**I.      Background**

Burnett was indicted on March 25, 2001, in a superseding indictment charging him with various drug trafficking offenses. He pled guilty to all charges in October 2001, and in January 2002 the Court sentenced him to serve 121 months in prison. His sentence was reduced by 41 months pursuant to Federal Rule of Criminal Procedure 35(b). Burnett served his sentence and

was released to supervised release. In March 2007, the Court revoked his supervised release and sentenced him to serve 10 months in prison. Again Burnett served his sentence and was released to supervised release.

In December 2008, the government again commenced revocation proceedings after Burnett tested positive for cocaine use. Jones represented Burnett in these revocation proceedings. On March 12, 2009, Burnett pled guilty to the allegation in the petition to revoke his supervised release that he possessed cocaine. The Government recommended a 36-month sentence, above the 6 to 12 month guideline range for a Grade B violation. *See* United States Sentencing Guidelines Manual ("U.S.S.G.") § 7B1.4(a). Jones recommended a 12-month sentence, the high end of the guideline range for a Grade B violation. The Court revoked Burnett's supervised release and, noting that it had warned Burnett it was inclined to take back his Rule 35 sentence reduction if he violated the terms of his supervised release, sentenced him to serve 50 months in prison (the statutory maximum) with no supervised release to follow. Burnett did not file a notice of appeal.

Burnett filed this timely § 2255 motion on March 1, 2010. In it, he argues Jones was constitutionally ineffective for failing to file a notice of appeal and for "failing to familiarize himself with the law and associate the law with the facts" of his revocation proceeding. As noted above, the Court has rejected Burnett's first argument in support of his § 2255 motion and now turns to the second. Specifically, Burnett argues that Jones incorrectly assumed that his admitted supervised release violation for use of cocaine was a Grade B violation instead of a Grade C violation. In light of Burnett's criminal history category of II, a Grade B violation carried an advisory sentencing range of 6 to 12 months, while a Grade C violation carried an

2

advisory sentencing range of 4 to 10 months. He faults Jones for requesting a 12-month sentence, within the Grade B guidelines and believes this resulted in his 50-month sentence. Burnett also argues Jones was ineffective for failing to seek a lower sentence in light of the November 1, 2007, amendments to U.S.S.G. § 2D1.1(c) (Amendments 706 and 711) which lowered by two points the base offense levels associated with various amounts of crack cocaine.

In response, the government argues that Burnett knew he was pleading guilty to a Grade B violation and that Jones was not constitutionally ineffective for recommending a sentence within the Grade B guideline range.

## II.     § 2255 Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

## III.    Analysis

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective*

assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 2431 (2010); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to specific acts or omissions of his counsel. *Wyatt*, 574 F.3d at 458. The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

A.  Violation Grade

As a preliminary matter, the record is clear that Burnett knowingly, competently, and voluntarily pled guilty to the charges in the petition for revocation. During the plea, the Court advised Burnett that the possession of cocaine charge to which he was pleading was a Grade B violation with an advisory guideline range of 6 to 12 months and a statutory maximum sentence of 50 months. Burnett stated under oath that he understood this and was pleading guilty freely and voluntarily. Any claim based on Burnett's ignorance of the consequences of his plea is frivolous in light of this record.

To the extent Burnett faults Jones for allegedly misidentifying possession of cocaine as a Grade B violation and recommending a guideline sentence appropriate to that violation, Burnett's claim also must fail. Jones was not wrong in identifying Burnett's possession of cocaine as a Grade B violation. Possession of cocaine is a felony punishable by more than a year under Illinois state law, *see* 720 ILCS 570/402, and a felony offense is a Grade B violation unless it is a crime of violence, a drug trafficking offense or involves a firearm or a destructive device, in which case it is a more serious Grade A violation. *See* U.S.S.G. § 7B1.1(a)(1) & (2). Thus, Burnett's possession of cocaine was a state felony offense falling into the Grade B category, as Jones determined.

Jones was also not deficient for recommending a high-end guideline sentence. While ordinarily counsel recommend a low-end sentence for their clients, it was clear that the Court was contemplating an above-guideline sentence for Burnett. The Court had indicated earlier that it was inclined to reimpose the 41-month Rule 35 reduction if Burnett violated his terms of supervised release, and the Government had recommended a 36-month sentence. In light of

5

these two possibilities, a recommendation within the guidelines, even at the high end, was reasonable. Jones' performance at the sentencing hearing was therefore adequate.

Additionally, had Jones been wrong and had Burnett's violation been a Grade C violation, or had Jones recommended a lower sentence, it would have had no reasonable chance of resulting in a different sentence. In light of Burnett's prior revocation and failure to heed the Court's warnings to newly released offenders, the Court was concerned with imposing the maximum sentence possible on Burnett. Had the correct advisory guideline range been 4 to 10 months for a Grade C violation or had Jones recommended a lower sentence than he did, the Court still would have imposed the maximum 50-month sentence. Thus, Burnett suffered no prejudice from Jones' performance.

B.  Guideline Changes

Burnett also makes reference in his motion to Jones' failure to request a lower sentence based on Amendments 706 and 711 to the sentencing guidelines. As noted above, those guidelines amended U.S.S.G. § 2D1.1(c) to lower by two points the base offense levels associated with various amounts of crack cocaine. However, the Court did not sentence Burnett using U.S.S.G. § 2D1.1(c) when it revoked his supervised release. Instead, it relied on U.S.S.G. § 7B1.4. Thus, Amendments 706 and 711 did not apply to him.

To the extent Burnett may be faulting Jones for failing to move for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 based on his original conviction, he is not eligible for such a reduction. Only defendants imprisoned as a result of an "original" sentence qualify for a § 3582(c)(2) sentence reduction. *See* U.S.S.G. § 1B1.10 app. note 4(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be

6

reduced under this section. This section does not authorize a reduction in the term of imprisonment upon revocation of supervised release."); *United States v. Forman*, 553 F.3d 585, 589 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009). Burnett finished serving his original sentence long before the guideline amendments became effective in March 2008. Thus, he is not eligible for a reduction under those amendments, and Jones was not ineffective for failing to ask for one.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Burnett's § 2255 motion (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly. The Court **FURTHER** directs the Clerk of Court to send a copy of this order to the petitioner at: Eric Burnett, Reg. No. 05305-025, FCI Elkton, P.O. Box 10, Lisbon, OH 44432

**IT IS SO ORDERED.**
**DATED: May 9, 2011**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **U.S. DISTRICT JUDGE**